b

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| GABRIEL LAGRANGE, ET AL., Plaintiffs | CIVIL DOCKET NO. 1:19-CV-00755 |
| VERSUS | JUDGE DRELL |
| HARLEY E. BOONE, ET AL., Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court are Plaintiffs' Motion to Remand and Motion for Costs and Attorney's Fees (ECF No. 16), and Defendant Roamer Transport, Inc.'s ("Roamer's") Motion to Dismiss (ECF No. 20).

Because there is no diversity, this Court lacks jurisdiction, and Plaintiffs' Motion to Remand (ECF NO. 16) should be GRANTED. Because there was no reasonable basis for removal, Plaintiffs' Motion for Costs and Attorney Fees (ECF No. 16) should be GRANTED. Because this Court lacks jurisdiction, a ruling on Defendant Roamer's Motion to Dismiss (ECF No. 20) should be DEFERRED TO THE STATE COURT.

I. **Background.**

Before the Court is a Petition for Damages filed by Plaintiffs Gabriel LaGrange ("Gabriel") and Amanda LaGrange ("Amanda"), individually and on behalf of their minor children, C.L., J.L., and L.L., in a Louisiana state court. ECF No. 1-2. The named Defendants are: Harley E. Boone ("Boone); Roamer (Boone's employer); Great West Casualty Company ("Great West") (insurer for Boone and Roamer); KLLM

Transport Services, L.L.C. d/b/a KLLM Logistics Services ("KLLM"); American Honda Motor Co., Inc. ("American Honda"); Honda Motor Co., Ltd. ("Honda Motor"); Honda R&D Co., Ltd. ("Honda R&D"); and Progressive Security Insurance Company ("Progressive") (as Gabriel's collision insurer).[1]  ECF Nos. 1-2, 1-3.

While still in state court, Defendant Progressive "intervened" as a Plaintiff, in its capacity as Gabriel's *liability* insurer, claiming subrogation rights against the other named Defendants.[2]  ECF Nos. 1-6, 1-7.

The LaGrange Plaintiffs allege damages incurred due to a motor vehicle accident between Gabriel and Boone.  At the time of the accident, Gabriel was driving a Honda motorcycle (insured by Progressive), and Boone was driving a tractor-trailer in the course and scope of his employment with Roamer, who had a service contract with KLLM.  Boone and Roamer were insured by Hub.

Plaintiffs allege: negligence by Boone; negligence by and vicarious liability of Roamer; negligence by and vicarious liability of  KLLM; violations of the Louisiana Products Liability Act (design defect, breach of express warranties, inadequate warning) and negligence by Honda, Honda Motor, and Honda R&D;

---

[1] Hub International Transportation Insurance Services, Inc. was voluntarily dismissed by Plaintiffs prior to removal.  ECF Nos. 1-4, 12.

[2] In its Petition of Intervention, Progressive states: "V.  As a result of the incident that occurred on April 27, 2018, Intervenor paid or will pay damages and insurance benefits to or on behalf of Gabriel LaGrange. VI. Intervenor is subrogated to the rights of plaintiff, Gabriel LaGrange, against the defendants, Boone, Roamer, HUB International, KLLM, American Honda, Honda Motor, Honda R&D, and Great West for the property damages sustained herein."

misrepresentation by Honda Motor and Honda R&D; and failure to make a reasonable offer to repair by Progressive. ECF No. 1-2. Plaintiffs seek monetary damages. ECF No. 1-2.

Boone, Roamer, Great West, and KLLM answered the LaGrange petitions and requested a jury. ECF Nos. 12-1, 12-2. American Honda filed a peremptory exception for lack of personal jurisdiction and an answer to the LaGranges' complaints. ECF No. 12-2 at 37. Honda Motor and Honda R&D have not yet been served.

American Honda removed asserting diversity jurisdiction. ECF No. 1. American Honda contends that, since Progressive concedes liability and has "paid or will pay damages and insurance benefits" pursuant to that policy, the "antagonistic relationship" between Progressive and Gabriel is resolved. ECF No. 1 at 5-6. American Honda further contends that Progressive should be realigned as a Plaintiff because it is Gabriel's subrogee. ECF No. 1 at 6.

Post-removal, Boone, Roamer, and Great West answered Progressive's complaint. ECF No. 13. KLLM filed a cross-claim against Roamer for indemnification. ECF No. 15. American Honda answered Progressive's intervening complaint. ECF No. 19.

The LaGrange Plaintiffs filed a Motion to Remand. ECF No. 16. American Honda filed an opposition. ECF Nos. 29, 46. And a hearing was held on the motion. ECF No. 37.

Roamer filed a Motion to Dismiss KLLM"s cross-claim. ECF Nos. 20, 36. KLLM opposes that motion. ECF No. 32.

3

II.    Law and Analysis

   A.    Motion to Remand

The LaGrange Plaintiffs allege two grounds for remand: (1) removal was untimely; and (2) there is not complete diversity.

The original petition was filed on February 5, 2019 (ECF No. 1-2). American Honda was served on March 15, 2019 through its agent for service of process. ECF No. 12-1 at 92. Progressive filed its intervention as plaintiff on May 23, 2019. ECF NO. 1-7. American Honda removed on June 14, 2019. ECF No. 1.

28 U.S.C. § 1446(b) states:

(b) Requirements; generally.—

> (1) The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
>
> (2)   (A) When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action.
>
>      (B) Each defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons described in paragraph (1) to file the notice of removal.
>
>      (C) If defendants are served at different times, and a later-served defendant files a notice of removal, any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal.

> (3) Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

The Fifth Circuit has explained that § 1446(b), read as a whole, provides two steps for determining whether a defendant timely removed a case. The first paragraph provides that if the case stated by the initial pleading is removable, then notice of removal must be filed within thirty days from the receipt of the initial pleading by the defendant; and the second paragraph provides, if the case stated by the initial pleading is not removable, then notice of removal must be filed within thirty days from the receipt of an amended pleading, motion, order, or other paper from which the defendant can ascertain that the case is removable. *See Chapman v. Powermatic, Inc.,* 969 F.3d 160, 161(5th Cir. 1992); *see also Thompson v. Deutsche Bank Nat. Trust Co.*, 775 F.3d 298, 302–03 (5th Cir. 2014).

Generally, a plaintiff must object to an improper removal within thirty days after the removal. However, in the case of a lack of subject matter jurisdiction–such as no diversity of citizenship, or the absence of a federal question if that were the sole ground for removal–may the plaintiff object to removal after the thirty-day limit. Any other objection is procedural and waived after thirty days. *See Williams v. AC Spark Plugs Div. of Gen. Motors Corp.*, 985 F.2d 783, 787 (5th Cir. 1993); 28 U.S.C. § 1447(c).[3]

---

[3] § 1447(c). A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal

5

American Honda admits the original action was not removable, since both the Plaintiffs and Defendant Progressive are citizens of Louisiana. American Honda contends the case became removable when Progressive filed a Petition of Intervention as Plaintiff on May 23, 2019, so American Honda removed on June 14, 2019. ECF No. 1-6 at 3. American Honda contends it is necessary to "realign" Progressive as a Plaintiff with the Grangers, thereby creating complete diversity.

Realignment of parties is done for federal jurisdictional purposes.[4] Federal courts have a duty to ensure that parties are properly aligned, and, if necessary, they must carry out that duty *sua sponte*. *See GuideOne Specialty Mutual Ins. Co. v. Missionary Church of Disciples of Jesus Christ*, 687 F.3d 676, 681 n.2 (5th Cir. 2012). It is well settled that federal courts are not bound by the alignment of the pleader as to parties plaintiff or defendant, but that they will work out the relation of each party to the suit according to the nature of his real interest, and then decide the question

---

under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal. A certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court. The State court may thereupon proceed with such case.

[4] The Court is faced with the federalism concerns involved in balancing the general right of the plaintiff to choose his forum with the statutory right of defendants to remove to a federal forum. *See Williams v. Mor-Tem Risk Management Service, Inc.*, 6:11-CV-1408, 2012 WL 1014752, at *4 (W.D. La. 2012). The Fifth Circuit has not ruled on the issue of whether a party may remove a non-diverse case on the basis of diversity that will exist upon post-removal realignment of the parties. In this Circuit, courts have looked to the unique facts of each case in deciding whether realignment is proper. *See Williams v. Mor-Tem Risk Management Services Inc.*, 2012 WL 1014752, at *4, n.1 (W.D. La. 2012); *Huntsman Corp. v. International Risk Insurance Co.*, 2008 WL 4453170, at *4-11 (S.D. Tex. 2008).

of jurisdiction. *See Peters v. Standard Oil Co. of Tex.*, 174 F.2d 162, 163 (5th Cir. 1949); s*ee also Lowe v. Ingalls Shipbuilding,* 723 F.2d 1173, 1177-78 (5th Cir. 1984).

In this Circuit, "[t]he generally accepted test of proper alignment is whether the parties with the same 'ultimate interests' in the outcome of the action are on the same side." *See Griffin v. Lee*, 621 F.3d 380, 388 (5th Cir. 2010) (quoting *Lowe v. Ingalls Shipbuilding, A Div. of Litton Sys., Inc.,* 723 F.2d 1173, 1178 (5th Cir. 1984). "[W]hen it relates to jurisdiction, it is [this Court's] duty to notice party alignment and apply proper realignment *sua sponte* on appeal, and that such realignment is to be determined according to 'the principal purpose of the suit and the primary and controlling matter in dispute.'" *Ibid.*

When deciding whether parties should be realigned, courts must determine whether there is a "collision of interest" between the parties in question. *See GuideOne Specialty Mutual Ins. Co.*, 687 F.3d at 681 n.2 (citing *Griffin v. Lee*, 621 F.3d 380, 388 (5th Cir. 2010)). Whether the necessary collision of interest exists must be ascertained from the principal purpose of the suit and the primary and controlling matter in dispute. *See ibid.* In ascertaining the proper alignment of parties for jurisdictional purposes, courts have a duty to look beyond the pleadings, and arrange the parties according to their sides in the dispute. *See Griffin*, 621 F.3d at 388. In the Fifth Circuit, the generally accepted test of proper alignment is whether the parties with the same ultimate interests in the outcome of the action are on the same side. *See ibid.*

7

### 1. Progressive did not have standing to intervene.

American Honda argues that Progressive should be realigned as a party-plaintiff because, in its Petition for Intervention, it is asserting claims against Defendants as Gabriel's subrogee. American Honda further argues this Court cannot find Progressive improperly intervened in the action because the State court already "accepted" the intervention and, alternatively, this Court cannot find Progressive's intervention was improper if this Court lacks jurisdiction.

Plaintiffs argue that Progressive's intervention was improper because La. C. Civ. P. art. 1091 precludes intervention in a suit by one who is already a party to the suit. Therefore, Progressive's intervention cannot form the basis for the 30-day time limit for American Honda's removal.

La. C. Civ. P. art. 1091 states:

> A third person having an interest therein may intervene in a pending action to enforce a right related to or connected with the object of the pending action against one or more of the parties thereto by:
>
> (1) Joining with plaintiff in demanding the same or similar relief against the defendant;
> (2) Uniting with defendant in resisting the plaintiff's demand; or
> (3) Opposing both plaintiff and defendant.

Since, as Plaintiffs point out, Progressive was already a party to the suit, and not a "third party," it did not have a right to intervene. *See St. Pierre v. Northrop Grumman Shipbuilding, Inc.,* 2012-0545 (La. App. 4th Cir. 10/24/12), 102 So.3d 1003, 1011 ("Only a nonparty, *i.e.*, a third person, has standing to intervene under La. C. Civ. P. art. 1091."); *Landry v. Duplechain*, 2019-457 (La. App. 3d Cir. 11/6/19), 283

8

So.3d 556, **6-**7. It is procedurally incorrect for a party defendant to file a petition of intervention. *See Mexic v. Mexic*, 00-1274 (La. App. 1st Cir. 6/22/01, 808 So.2d 685, 689; *Norris v. Allstate Insurance Co.,* 293 So.2d 918, 922 (La. App. 3d Cir. 1974), writ den., 296 So.2d 832 (La. 1974). Instead, Progressive may have alleged (albeit in a mis-titled pleading) an affirmative defense or a cross-claim.[5] *See Norris, 293 So.2d at 922.*

### 2. American Honda did not show that Progressive is Gabriel's subrogee.

In its Petition for Intervention, Progressive stated it issues a policy for liability insurance for Gabriel and his Honda motorcycle and that it "paid or will pay damages and insurance benefits to or on behalf of Gabriel LaGrange." ECF No. 1-6 at 4. American Honda, on the other hand, argues that Progressive has collision insurance on Gabriel's motorcycle, that it deemed the motorcycle a total loss without seeing it, and that it has paid or will pay Gabriel for his motorcycle. ECF 29 at 9.

Plaintiffs point out that: (1) they have not accepted an offer from Progressive; (2) Progressive has not paid them any money, so Progressive is not their subrogee; and (3) Progressive's interests are not aligned with theirs. It is noted there is no evidence in the record of an insurance contract, a payment from Progressive to Gabriel, or an assignment of Gabriel's right of recovery to Progressive. *See Johnson v Deselle*, 596 So.2d 261, 266-67 (La. App. 3d Cir. 1992), writ den., 600 So.2d 638 (La. 1992).

---

[5] See La. C. Civ. P. arts. 1005, 1071.

American Honda contends Progressive made Gabriel an offer for the total loss of his motorcycle and that Gabriel's refusal to accept the offer is unreasonable. That contention is both subjective and irrelevant. Gabriel is not required to accept the offer.[6] If Progressive has not paid any money to Gabriel, it does not "stand in his shoes" as his subrogee to pursue Gabriel's claims against Defendants. There must have been performance in order to acquire rights by subrogation. *See* La. C.C. art. 1825, *et seq.*[7]; *see also Hartford Acc. & Indemnity Co. v. Costa Lines Cargo Services, Inc.*, 903 F.2d 352, 358 (5th Cir.1990).

Therefore, American Honda has not shown that Progressive is actually Gabriel's subrogee. For that reason, Progressive should not be realigned as a Plaintiff.

### 3. Realignment of Progressive from Defendant to Plaintiff is inappropriate.

American Honda argues the state court already "accepted" the intervention so this Court may not reject or change it.

Progressive was permitted to file its intervention in state court. ECF No. 1-7 at 5. American Honda removed two weeks later. There is no evidence that the intervention was held to be proper in the state court.

---

[6] According to American Honda, Progressive, without inspecting the motorcycle, made Gabriel an offer based on a "total loss." Gabriel, however, refers in his Petition to repairing his motorcycle. There does not appear to be a meeting of the minds necessary for offer and acceptance between Progressive and Gabriel.

[7] Art. 1825. Definition. Subrogation is the substitution of one person to the rights of another. It may be conventional or legal.

It does not appear that Progressive had standing to intervene in the action. Properly interpreting Progressive's "Petition for Intervention" as an affirmative defense or cross-claim, it is clear that Progressive is still a Defendant in the action and there is a "collision of interests" between Progressive and Plaintiffs.

However, even accepting Progressive's intervention (as Gabriel's liability insurer) as appropriate, it is evident that Gabriel still has a claim against Progressive as his collision insurer, so there is a "collision of interests" between Gabriel and Progressive. Progressive is still properly named as a Defendant and should not be realigned as a Plaintiff.

Accordingly, American Honda's request to realign Progressive from Defendant to Plaintiff should be denied. *Compare Martinez v. Continental Tire North America, Inc.*, 2008 WL 10820254, at * 7 (S.D. Tex. 2008) ("[W]here a *bona fide* dispute exists between a plaintiff and a defendant, it is improper for a court to realign the non-diverse defendant as a plaintiff in order to support a co-defendant's removal to federal court based on complete diversity.").

### 4. The Court lacks jurisdiction.

Because Progressive remains a Defendant in this case, Progressive's intervention cannot form the basis for the 30-day time limit for American Honda's removal. Therefore, American Honda's removal, more than 30 days from the date it was served, was untimely. Remand is appropriate on that basis.

11

Also, because Progressive is still a Defendant, there is no diversity. Therefore, this Court lacks jurisdiction. Because this Court lacks jurisdiction, Plaintiffs' Motion to Remand (ECF No. 16) should be GRANTED.

### 5. Costs and attorney fees should be awarded to Plaintiffs.

Plaintiffs ask for costs and attorney's fees incurred as a result of the improper removal, pursuant to 28 U.S.C. § 1447(c). Because Progressive is a Defendant in this case (regardless of whether it is also a Plaintiff-in-Intervention or a subrogee), American Honda did not have an objectively reasonable basis to believe diversity existed. Removal was improper. *See Martin v. Franklin Capital Corp.*, 546 U.S. 132, (2005) ("The appropriate test for awarding fees under § 1447(c) should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party . . . . [C]ourts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal."). Therefore, Plaintiffs should be AWARDED all just costs and actual expenses, including attorney's fees, incurred as a result of the removal. *See* 28 U.S.C. § 1447(c).

### B. Ruling on Roamer's Motion to Dismiss should be deferred due to lack of jurisdiction.

Roamer filed a Rule 12(B)(3) Motion to Dismiss KLLM's Crossclaim or, in the Alternative, Rule 12(B)(6) Motion to Dismiss, or, in the Further Alternative, Motion for Partial Summary Judgment. ECF No. 20.

Because this Court lacks jurisdiction, a ruling on Roamer's Motion should be deferred to the state court on remand.

### III. Conclusion

Because there is no diversity, this Court lacks jurisdiction. IT IS THEREFORE RECOMMENDED that Plaintiffs' Motion to Remand (ECF NO. 16) be GRANTED.

Because there was no reasonable basis for removal, IT IS RECOMMENDED that Plaintiffs' Motion for Costs and Attorney Fees (ECF No. 16) be GRANTED.

And because this Court lacks jurisdiction, IT IS RECOMMENDED that a ruling on Defendant Roamer's Motion to Dismiss (ECF No. 20) be DEFERRED TO THE STATE COURT.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS ORDERED AND SIGNED in Chambers at Alexandria, Louisiana on this  21st  day of February 2020.

_____
Joseph H.L. Perez-Montes
United States Magistrate Judge